## AFFIDAVIT OF SPECIAL AGENT CHRISTOPHER SCOTT

I, Special Agent Christopher Scott depose and state as follows:

1. I am a Special Agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent since 2002, and during that time I have been involved in investigations of violations of federal firearm and controlled substance laws. Currently, I am assigned to a group in the Boston Field Division of the ATF that, in part, works with other federal, state, and local police departments to investigate and prosecute violations of the federal firearms, explosives, and controlled substance laws.

2. Based on my training and experience as an ATF special agent, I am familiar with federal firearms and narcotics laws. In this regard, I know that it is a violation of 18 U.S.C. § 922(g)(1) for a person previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition that has crossed state or national boundaries, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. On the same basis, I know that the possession element of a felon-in-possession charge can be satisfied by showing either actual or constructive possession, and by showing either sole or joint possession. I also know it is a violation of 21 U.S.C. § 841(a)(1) to distribute and/or possess with intent to distribute controlled substances, including cocaine and fentanyl. I further know it is a violation 18 U.S.C. § 924(c) to possess a firearm in furtherance of a drug trafficking crime. As set forth below, there is probable cause to believe that Sean BROWN ("BROWN") violated 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c).

3. On or about December 17, 2018, at approximately 3:40 p.m., police officers in East Bridgewater, MA, observed what appeared to be a drug transaction involving two known drug

1

users and a black Nissan Altima. The vehicle drove away after the suspected drug transaction. Officers took steps to conduct a traffic stop of the vehicle. The vehicle was stopped. The driver of the vehicle was identified as BROWN. There was a passenger in the vehicle who was also identified by the officers. The two were briefly detained as part of the investigative stop.

4. While BROWN and his passenger were detained, officers interviewed the two individuals who had been involved in the suspected drug transaction. One of the individuals admitted that he had purchased a gram of heroin from the driver of the Altima, who used the nickname "Shiz" – BROWN has been identified as using the street name "Shiz." The individual also noted that "Shiz" had a large quantity of what appeared to be crack cocaine on his lap during the drug sale.

5. Based on the information of the drug deal, BROWN and his passenger were arrested. During the arrest, BROWN was observed walking in a fashion consistent with his hiding drugs in his buttocks area. In this regard, officers did not locate the substance that the drug purchaser had claimed to see on BROWN's lap during the deal. A search of the vehicle resulted in the seizure of a large quantity of U.S. currency ($1,200) in the center console of the vehicle. When BROWN was brought to the East Bridgewater Police Department for processing, he was again observed walking in a manner consistent with secreting contraband in his buttocks area. Based on the surrounding circumstances, a visual search of the area of BROWN's buttocks was conducted. Officers observed the knot of a clear plastic baggie. BROWN was asked to remove the baggie, which contained an off-white, rock-like substance. This substance subsequently tested positive for cocaine, and has an approximate weight of 28.5 grams.

6. On July 18, 2019, Brockton Police Department officers were called to respond to an incident. As officers responded, BROWN fled the scene in a vehicle. The vehicle was involved in a minor accident during the flight and BROWN then fled on foot. Officers subsequently located and arrested BROWN. During his arrest, BROWN stated that he was "out of his mind on drugs and he was going away forever."

7. When officers looked into the vehicle which had been abandoned by BROWN, they immediately observed two handguns lying on the back passenger's side of the vehicle. A search of the vehicle resulted in the seizure of: (1) a plastic baggie with approximately 27 grams of fentanyl (the substance was subsequently tested); (2) a black FN, Five-Seven, semi-automatic pistol, which was loaded; (3) a chrome and black Smith & Wesson, SD40VE, semi-automatic pistol, which was loaded; (4) a pill bottle with nine Suboxone strips; (5) a bottle with lactose powder (which is commonly used to cut drugs); (6) a scale; (7) sandwich bags (which are used to package drugs for street distribution); and (8) documents identifying BROWN.

8. Based on my training and experience in firearms, and consultation with other ATF agents, the firearms and their accompanying ammunition identified above were manufactured outside of the Commonwealth of Massachusetts, and, thus, had to travel in interstate commerce to be possessed by BROWN.

9. I have reviewed certified records from Roxbury District Court. According to those records, BROWN has previously been convicted of carrying a firearm without a license; a crime punishable by more than one year, and, in fact, BROWN received a sentence, which exceeded one year.

10. Based on the above, I believe probable cause exists that on or about December 17, 2018 and July 18, 2019, within the District of Massachusetts, Sean BROWN violated 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) as set forth above.

_____
CHRISTOPHER SCOTT
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this 5th day of March, 2020.

_____
HON. JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE



4